**In re the MARRIAGE OF Felix Travis KENNEDY, Plaintiff-Respondent,**

**and**

**Doretha Kennedy, Respondent-Appellant.**

**No. 13047.**

Missouri Court of Appeals,
Southern District,
Division One.

July 5, 1984.

———

Wayne C. Morgan, Waynesville, for plaintiff-respondent.

Wayne Gifford, Waynesville, for respondent-appellant.

GREENE, Judge.

Doretha Kennedy appeals from that portion of a dissolution decree that denied her maintenance and limited her total child support award to $200 per month.

Doretha and her husband, Felix, were married in December of 1975, and separated sometime in 1977. Two children, a boy and a girl, were born of the marriage. In July of 1982, Felix married another woman, thinking, for some reason not disclosed by the record, that he had been divorced from Doretha.

At time of trial, which was November 12, 1982, Felix was a member of the United States Army with a rank of E–4. Felix had no property or assets. His gross pay per month was $892. His deductions for state and federal income tax and for social security were $129.27 per month, leaving a net monthly pay of $762.73, erroneously listed in his sworn expense and income statement as $753. His rent expense was listed at $235 a month, and his expense for food, clothing and miscellaneous items was $275 a month, making his total expenses $510 per month. His monthly reserve, deducting expenses from net income, is $252.73.

A high school graduate with no job skills, Doretha, who had been working as a waitress, but was unemployed at time of trial, was receiving unemployment benefits of $148 per month and food stamps of $258 per month. Like Felix, she had no appreciable assets.

Based on these facts, the trial court denied maintenance and awarded Doretha $100 per month per child, or a total of $200 a month as child support.

In her brief, Doretha contends that by reason of her poverty level income, she was entitled to money for maintenance and more child support over and above that awarded by the court.

While we agree that Doretha and the children certainly need additional funds to maintain a bare sustenance level, the record does not reveal where such funds would come from. There was substantial evidence in the record that after paying the $200 per month child support, and his other monthly expenses, Felix would only have $52 a month remaining. With this being the case, we cannot say the trial judge was wrong when he limited her monthly award to $200 a month.

The trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and no error of law appears. An extended opinion would have no precedential value.

Judgment affirmed. Rule 84.16(b), V.A. M.R.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.